

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSH WHITAKER, MONIQUE JANNETTE, AND LESLIE GREER,<br><br>Plaintiffs,<br><br>v.<br><br>WEST VILLAGE LIMITED PARTNERSHIP, *et al.*,<br><br>Defendants,<br><br>v.<br><br>BROCKETTE-DAVIS-DRAKE, INC. and ARMSTRONG BERGER, INC.,<br><br>Third Party Defendants. | CIVIL ACTION NO. 3:03-CV-0411-P |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JAN 2 6 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiffs' Motion for Attorneys' Fees, filed August 29, 2005. After careful consideration of the Parties' briefing and applicable law, the Court hereby GRANTS in PART and DENIES in PART Plaintiffs' motion.

## BACKGROUND

This lawsuit arises out of Plaintiffs' allegations that Defendants, as designers, constructors, owners, and operators of West Village, a recently-opened mixed-use development in Dallas, Texas ("West Village Development"), discriminated against them and others similarly-situated by failing to accommodate for disabled individuals in the design, construction, and operation of the property.

Plaintiffs filed this lawsuit on February 27, 2003 against Defendants West Village Limited Partnership and PPC/IMA Intown Village Limited Partnership ("West Village"), the owners and

1

operators of the West Village Development. Plaintiffs amended their Complaint to add defendants DalMac Construction Company ("DalMac") and KSNG Architects, Inc. ("KSNG"), the companies that designed and constructed the West Village Development. West Village filed cross-claims against DalMac and KSNG for contribution.

On August 4, 2004, the Court entered an order granting KSNG's motion to dismiss Plaintiffs' ADA claims, but left pending Plaintiffs' Fair Housing Act claims against KSNG. On September 8, 2004, Plaintiffs prevailed on their ADA, Fair Housing Act, and Texas Human Resources Code claims against West Village. On September 10, 2004, the Court dismissed Plaintiffs' ADA claims against DalMac, but left pending their Texas Human Resources Code claim against it.

On September 10, 2004, Plaintiffs, West Village, and KSNG executed a settlement agreement ("Settlement Agreement") whereby the Parties agreed to settle all Plaintiffs' and West Village's remaining claims against KSNG. The Settlement Agreement provided that KSNG would pay $300,000.00 in full satisfaction of all claims of West Village and Plaintiffs. The Settlement Agreement further provided that $120,000.00 of the total amount would be paid directly to West Village for purposes of performance of the remediation plan. The remaining $180,000.00 was to be deposited by KSNG into the registry of the court for purposes of any class attorney's fees claims.

Plaintiffs now seek attorneys' fees as the prevailing party against West Village.

## DISCUSSION

Plaintiffs asserted claims against Defendant West Village pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.* (2004), Title III of the Americans with Disabilities Act ("ADA"), *Id.* §§ 12101 *et seq.*, and the Texas Human Resources Code, Tex. Hum. Res. Code § 121.001 *et seq.* (2004). Both the FHA and the ADA contain a fee shifting provision that allows the prevailing party

to recover attorneys' fees. *See* 42 U.S.C. §§ 3613(c)(2), 12205. It is undisputed that Plaintiffs are the prevailing party in their action against Defendant West Village.

To calculate attorneys' fees, the Court must first calculate a lodestar amount by multiplying the reasonable number of hours expended on the litigation by the reasonable hourly rates for the participating attorneys. *See Green v. Admin. of Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002) In this case, both Plaintiffs attorneys seek recovery of their fees - Kenneth D. Carden ("Carden"), who charges $350.00 per hour for his services and Palmer D. Bailey ("Bailey") who charges $300.00 per hour for his services. Plaintiffs contend that as of the filing date of this motion, counsel had expended 1129.3 hours on this litigation, thereby resulting in a lodestar amount of $363,768.75.

West Village objects to the amount of fees on several bases. First, West Village contends that Plaintiffs should not be paid for time expended for pursuing their unsuccessful claims against DalMac or its unsuccessful ADA claims against KSNG. Defendant West Village also contends that $180,000.00 should be deducted from the total amount owed because that amount has already been paid into the registry of the court to cover Plaintiffs' attorneys' fees. Defendant West Village also objects to recovery for future work. (Resp. at 2-3.)

I.   **RECOVERABLE ATTORNEY FEE AMOUNT.**

   A.   **Fees Incurred Litigating Against DalMac.**

West Village argues that Plaintiffs are not entitled to recover fees incurred pursuing their unsuccessful claims against DalMac. Thus, West Village argues, 155.5 hours of Plaintiffs' time is noncompensable because it represents work performed on DalMac claims.

Plaintiffs concede they are not entitled to collect fees for their time spent pursuing claims

3

against DalMac and provide evidence that they have redacted those fees from the amounts sought in their fee application. (Reply at 5 n.19; App. at 2, 145, 262.)

A Court may award a prevailing party its fees if the fee application is accompanied by sufficiently detailed supporting documentation of the hours claimed. *See Nat'l Ass'n of Concerned Veterans v. Sec'y*, 675 F.2d 1319, 1338 (5th Cir. 1982); *Ruiz v. Estelle*, 553 F. Supp. 567, 586 (D.C. Tex. 1982). The burden then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduced or denied. *See id.* "Just as the applicant cannot submit a conclusory application, an opposing party does not meet his burden merely by asserting broad challenges to the application." *Id.*

West Village has not identified a single specific time entry to which it objects and has failed to identify a single example of fees charged to DalMac claims. Because West Village's objection is conclusory and not based on any specific evidence, its objection is overruled.

### B. Fees Incurred Litigating Against KSNG.

#### 1. Do Plaintiffs Recover for Claims Against KSNG?

West Village contends that Plaintiffs should not be awarded any attorneys' fees for pursuing their unsuccessful ADA claims against KSNG. (Resp. at 3.) In response, Plaintiffs explain that the parties agreed in their settlement agreement that Plaintiffs are entitled to recover fees relating to the KSNG litigation.

On September 10, 2004, Plaintiffs, West Village, and KSNG executed a settlement agreement ("Settlement Agreement") that purported to resolve all claims of Plaintiffs and West Village against KSNG. According to Plaintiffs, "[t]he settlement agreement provides, and this Court has found, that Plaintiffs were the prevailing party against KSNG for purposes of any application for

4

attorneys fees." (*See* Reply at 3; Settlement Agreement ¶ 4.) Thus, Plaintiffs argue they are entitled to recover attorneys' fees for their KSNG work. (Reply at 3.)

After reviewing the Settlement Agreement, the Court concludes that the Parties agreed that KSNG was settling *all* claims of West Village and Plaintiffs, including the ADA claim. The Settlement Agreement reads, "KSNG will pay a total of Three Hundred Thousand Dollars ($300,000.00) in full satisfaction of all claims of cross-plaintiff West Village and plaintiffs." (Settlement Agreement ¶ 1.) The use of the word "all" necessarily includes the unsuccessful ADA claims that Plaintiffs had a right to appeal.

The Settlement Agreement also expressly deems Plaintiffs the "prevailing party" for purposes of any application for attorney's fees from KSNG. Therefore, the Court finds that Plaintiffs, as the prevailing party, are entitled to recover their fees for work performed on all KSNG claims.

### 2. Segregating KSNG's Fees.

West Village also contends that Plaintiffs' time records improperly reflect cluster billing - in other words, entries reflecting multiple tasks performed for multiple defendants. (Resp. at 4.) West Village argues that because Plaintiffs failed to segregate the West Village claims from the KSNG claims, those amounts should not be recoverable. (Resp. at 4.) West Village then concludes that $93,077.50[1] should be deducted from Plaintiffs' fee petition because it represents unsegregated work performed for KSNG. (Resp. at 4-5.)

In response, Plaintiffs cite to the Supreme Court case, *Hensley v. Eckerhart* for the principle that when a plaintiff's claims for relief involve a common core of facts or is based on related legal

---

[1] This amount was calculated as follows: $45,587.50 (130.25 x 350 per hour - Carden) + $47,490.00 (158.3 x 300 per hour - Bailey).

theories, much of counsel's time is devoted generally to the litigation as a whole, thereby making it difficult to divide the hours expended on a claim-by-claim basis. *See* 461 U.S. 424, 435 (1983). Such a lawsuit should not be viewed as a series of discrete claims and courts should instead focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *See id.* Plaintiffs explain that because the claims against all defendants involved a common core of facts and was based on related legal theories, not all fees were segregable.

The Court finds that Plaintiffs' claims against the several defendants in this case were based on a common set of facts and related legal theories, thereby making it too difficult in most circumstances to segregate the hours of particular parties and claims. However, the evidence establishes that Plaintiffs did segregate the KSNG fees from the West Village fees, where possible (*e.g.* for tasks such as drafting dispositive motions, discovery responses). (Reply at 4 n.18.) Plaintiffs calculated the hours spent exclusively on KSNG claims at $25,727.00 (Carden) plus $36,117.50 (Palmer) for a total of $61,844.50. Plaintiffs are entitled to recover this amount for work on the KSNG claims.

### C. Offset Amount.

Plaintiffs seek to deduct the $61,844.50 amount from the $180,000.00 deposited into the registry of the Court, leaving $118,155.50 available to offset attorneys' fees assessed against West Village.

West Village contends that the entire $180,000.00 should be used to pay amounts owed by West Village, not KSNG, because it was West Village that actually paid the funds into the Registry of the Court to cover Plaintiffs' attorneys' fees. (Resp. at 2, 18.)

6

In response, Plaintiffs explain that the $180,000.00 that was deposited into the Registry of the Court was to be used to pay the KSNG attorneys' fees first, with any remainder to cover West Village's liability. (Reply at 4.) According to Plaintiffs, when KSNG entered into the Settlement Agreement to settle Plaintiffs' claims and West Village's cross-claims, $180,000.00 was to be deposited into the registry of the court "for purposes of any class claims and/or class attorney's fee claims." (Reply at 4 [citing Settlement Agreement ¶ 3].) Plaintiffs argue that if the amount spent pursuing the KSNG claims was greater than $180,000.00, then Plaintiffs' counsel would go uncompensated for anything over that amount because those fees could not legally be charged to West Village. If the amount was less than $180,000.00, then Plaintiffs' counsel would first collect those fees spent suing KSNG, with any remainder going to offset attorneys' fees assessed against West Village. Thus, Plaintiffs are entitled to deduct the KSNG fees from the $180,000.00, with any remaining funds to be used to offset Defendant West Village's liability. (Reply at 3-4.)

West Village seeks to rebut Plaintiffs' argument by filing a surreply.[2] In its surreply, West Village asserts that KSNG paid West Village $300,000.00 to settle "West Village's cross-claims against KSNG," and West Village then paid $180,000.00 of that amount into the Registry of the Court. (Sur-reply at 1.) Thus, West Village concludes, because it was West Village that deposited the funds, all of the funds should be credited to claims against West Village.

The Settlement Agreement provides that KSNG was to pay $300,000.00 in full satisfaction of all claims of West Village *and* Plaintiffs. (*See* Settlement Agreement ¶ 1.) It goes on to state that $120,000.00 of the total amount will be paid directly to West Village for purposes of performance of the remediation plan. (*See* Settlement Agreement ¶ 2.) The remaining $180,000.00 was to be

---

[2] West Village's motion for leave to file surreply is unopposed by plaintiff and is hereby granted.

7

deposited by KSNG into the registry of the Court for purposes of any class attorneys' fees claims. (*See* Settlement Agreement ¶ 3.)

This language establishes that the Parties intended that the $180,000.00 paid by KSNG to satisfy both West Village's and Plaintiffs' claims would be used to cover the attorneys' fees incurred by the prevailing party (Plaintiffs) in its claims against KSNG. West Village has not demonstrated that the fact that West Village - as opposed to KSNG - actually made the deposit into the registry of the court, affects how the Court interprets the actual language of the Settlement Agreement or the parties' intent. The Court concludes that the $180,000.00 paid into the Registry of the Court to cover the KSNG claims will be used for that purpose. Therefore, the Court finds that $61,844.50 of the $180,000.00 shall be paid to Plaintiffs' counsel for fees incurred pursuing Plaintiffs' claims against KSNG.

## II.   IS AN ENHANCEMENT AWARD APPROPRIATE?

The Supreme Court has held that there is a strong presumption that the lodestar amount is a reasonable fee and that the fee applicant bears the burden of demonstrating that an enhancement "'is necessary to the determination of a reasonable fee.'" *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992) (quoting *Blum v. Stenson,* 465 U.S. 886, 898 (1984)). Accordingly, when making an enhancement, a district court "must explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the factors" set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) was applied. *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir. 1993) (*Shipes II* ), *cert. denied,* 510 U.S. 991 (1993).

The *Johnson* factors include: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the

attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *See Johnson*, 488 F.2d at 717-19.

However, the Supreme Court and the Fifth Circuit have clarified that not all of the *Johnson* factors may properly warrant an enhancement of the lodestar. For example, in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), the Supreme Court greatly limited the use of the second, third, eighth, and ninth factors, and explained that the novelty and complexity of the issues, the special skill required, the results obtained, and the experience and reputation of the attorney are "presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." The Fifth Circuit further clarified that an enhancement based on any of those four factors is only justified in "rare cases" and when supported by specific evidence. *See Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996). Further, an enhancement based on the eighth factor of the "results obtained," is only appropriate if the applicant demonstrates that it is customary in that field of law for attorneys to charge an additional fee in excess of their hourly rates for an exceptional result. *Id.* Additionally, the Fifth Circuit has stated that the first *Johnson* factor (the time and labor involved) is already included in the lodestar and, therefore, should not be double-counted by the district court in considering an enhancement. *See Walker*, 99 F.3d at 771. Similarly, the seventh factor - the time constraints involved - is "subsumed in the number of hours reasonably expended." *Id.* Finally, the

Supreme Court has barred use of the sixth factor regarding the attorney's contingent risk in awarding an enhancement. *See Dague*, 505 U.S. at 567.

In the present case, counsel for Plaintiffs rely on all but three of the factors (number seven - time constraints, number ten - whether the case was undesirable, and number eleven - prior attorney-client relationship) to persuade the Court that an enhancement of the lodestar is warranted. As discussed, to support an enhancement based on these factors, the Court must find that this is a "rare case" and that the enhancement is supported by "'specific evidence in the record and detailed findings . . .'" *See Walker*, 99 F.3d at 771-72 .

While the Court agrees with Plaintiffs that an award of a multiplier would send a signal to the business community that there is a cost for this type of conduct, the Court does not believe that the law allows for an enhancement on that basis. The purpose behind statutes that allow for the award of attorneys' fees is to "enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Delaware Valley*, 478 U.S. at 565. Thus, if plaintiffs such as these find it possible to engage a lawyer based on the statutory assurance that he will be paid a reasonable fee, the purpose behind the fee shifting statute has been satisfied. *See id.* The statute is not intended to punish defendants.

Furthermore, the Court finds that counsel has failed to demonstrate that this is a rare case in which an enhancement "is necessary to the determination of a reasonable fee." *Blum*, 465 U.S. at 898. In the Court's view, the *Johnson* factors on which counsel rely for an enhancement have already been adequately taken into account in the lodestar calculation. As discussed above, the Fifth Circuit has specifically cautioned against the district court "double-counting" factors in determining whether an enhancement is appropriate. *See Walker,* 99 F.3d at 771. Moreover, the factors upon

which counsel in the instant matter rely - *e.g.* the novelty and complexity of issues, the special skill required, the results obtained, and the experience and reputation of the attorney, contingency nature of the case - are the exact factors expressly limited by the Supreme Court in the determination of an enhancement, because they are "presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *Delaware Valley,* 478 U.S. at 565.

Additionally, an enhancement based on the eighth "results obtained" factor "is only appropriate when the fee applicant can demonstrate that 'it is customary in the area for attorneys to charge an additional fee above their hourly rates for an exceptional result.'" *Walker,* 99 F.3d at 772 (quoting *Shipes II,* 987 F.2d at 322). Plaintiffs' counsel have made no such showing in their application.

For all of these reasons, the Court determines that counsel for Plaintiffs have not demonstrated that an enhancement is necessary in order to award them reasonable fees and The Court concludes that the purpose of the FHA and ADA fee-shifting statutes have been met through the award of the lodestar amount of fees.

### III.  FUTURE WORK.

Finally, the Court is unwilling at this time to award fees for future work because the request is not and cannot be accompanied by sufficiently detailed supporting documentation of future time spent working on the case. However, Plaintiffs' counsel may supplement their fee petition upon completion of the remediation process.

### CONCLUSION

Therefore, for the reasons stated herein, Plaintiffs' Motion for Attorneys' Fees is hereby GRANTED in PART and DENIED in PART. The Court orders that the registry of the court

deduct $61,844.50 from the $180,000.00 for attorneys' fees incurred pursuing Plaintiffs' claims against KSNG. The remaining $118,155.50 shall be paid to Plaintiffs' counsel for fees incurred pursuing Plaintiffs' claims against West Village. West Village is responsible for paying Plaintiffs' counsel the remaining $133,168.75 in fees.[3]

It is SO ORDERED, this ___26th___ day of January, 2006

                                             _____
                                             JORGE A. SOLIS
                                             UNITED STATES DISTRICT COURT

---

[3] Plaintiffs' initial calculation of fees was $363,768.75. However, because the Court disallowed the $50,600.00 in future fees, the amount has been reduced to $313,168.75.